UNITED STATES DISTRICT COURT            SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Kathleen Bernardo, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-07-372 |
| | § | |
| American Airlines, Inc., Long Term | § | |
| Disability Plan | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.      *Introduction.*

An employee sues her benefits plan. The plan says that she is not totally disabled under its definition. Both sides have moved for summary judgment. The plan will prevail.

2.      *Background.*

Kathleen Bernardo worked as a manager of airport services for American Airlines, Inc. She participated in long-term disability benefits under the plan. The plan authorizes a second-level appeal when a claim is initially denied.

In November of 2002, Bernardo was on paid leave of absence for aplastic anemia and cataracts. In February of 2003, Bernardo filed her claim for disability benefits. That March, Metropolitan Life Insurance Company, the plan's third-party administrator, determined that she was totally disabled and approved her claim. Bernardo received benefits from November 19, 2003, through April 30, 2005.

In May of 2005, MetLife notified Bernardo that – because she did not send additional information to support continued benefits – it had ended them. Bernardo then sent the information. MetLife extended her benefits through August 31, 2005, but cautioned her that she would need to cooperate with additional information to keep her benefits.

MetLife re-evaluated Bernardo's claim but denied future benefits.  MetLife says that she was not totally disabled.  Bernardo appealed and lost.  Bernardo then filed a second-level appeal with another administrator and was also unsuccessful.  Bernardo sues to reverse plan's decision that ended her benefits.

3.      *Standard of Review.*

Because the plan authorizes benefits, the court may reverse its decision only if it was arbitrary.  *See Ellis v. Liberty Life Assurance Co.* , 394 F.3d 262, 273-274 (5th Cir. 2004), cert. denied.  The court should affirm the plan's decision when it is not erroneous as a matter of law and is supported by substantial evidence. *Dowden v. Blue Cross & Blue Shield of Texas, Inc.*, 126 F.3d 641, 644 (5th Cir. 1997).

The court's review is limited to the administrative record.  The administrative record consists of information available to the plan before the plaintiff files the lawsuit.  *Vega v. Nat'l Life Ins. Serv. Co.*, 188 F. 3d 287, 300 (5th Cir. 1999). Using the arbitrary standard, a court can only review the evidence that the plan considered. *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995).

Bernardo would now like, however, for this court to consider evidence that was not presented to the plan at the time of review.  Bernardo says that she was not given the chance to respond to the opinions of the plan's consulting physicians.  She has now added over a hundred pages of random medical records, but she has not submitted evidence that her cataract condition was inoperable.  Although Bernardo had opportunities to supply the additional information to the plan, she did not.  Because of Bernardo's delay in submitting the evidence to support her disability, it cannot be considered a part of the administrative record.  Even if it were considered, it does nothing to contradict the most recent evaluation of her conditions.

4.      *Termination of Benefits.*

The plan's decision was not an abuse of discretion. The plan reviewed MetLife's findings, the medical records of Bernardo, and an independent study by two doctors, who found that Bernardo was not totally disabled as defined by the plan.  The plan considers a participant to be "totally disabled" if after twenty-four months of benefits, the participant is not yet gainfully employed or is unable to perform substantial duties for profit that the individual is reasonably qualified by training, education, or experience.

As  manager  of  airport  services,  Bernardo  worked  in  middle-management.    To

accomplish her duties, Bernardo frequently had to talk with passengers and co-workers; sit and stand for long periods of time; use the computer or telephone; and do basic mathematics.

The plan first reviewed the medical reports of Bernardo's doctors that were used as the basis of MetLife's decision. Lawrence Rice, Bernardo's treating doctor, determined that she had been in remission of aplastic anemia since March of 2005. Bernardo's laboratory reports also showed that her blood cell count was within normal limits. Her optometrist, Minh Dong, concluded that Bernardo was not totally disabled because her visual acuity was adequate enough to drive a car and perform daily activities.

The plan also obtained an evaluation of Bernardo's condition from third-party physicians. Both doctors found that Bernardo was not totally disabled from performing her occupation. Nelson Chao, an oncologist, concluded that Bernardo no longer had aplastic anemia, her blood counts were normal, and that she could return to work. George Yanik, an ophthalmologist, found that Bernardo does have fluctuating vision due to cataracts, but she is not visually impaired to the level of where she cannot work. Substantial evidence exists, therefore, to support the plan's decision to end her benefits because Bernardo was not totally disabled.

5.    *Conclusion.*

The plan's denial of Kathleen Bernardo's long-term disability benefits will be, therefore, affirmed.

Signed on November 19, 2007, at Houston, Texas.

_____
                    Lynn N. Hughes          USDJ
               United States District Judge